FILED'09 MAR 03 15:05 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

v.

MICHAEL DUNG NGUYEN,

Defendant.

CR 09- 91 - HA

INDICTMENT

18 U.S.C. § 641,
31 U.S.C. § 5324(a)(3) and (d)(2),
18 U.S.C. § 1957,
31 U.S.C. § 5317(c)(1),
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982

**UNDER SEAL**

**THE GRAND JURY CHARGES:**

I.  **INTRODUCTION AND OVERVIEW**

At all Material Times:

1. Defendant Michael Dung Nguyen was an active duty Army Captain currently assigned to Headquarters and Headquarters Company (HHC), 2nd Infantry Battalion, 23rd Infantry Regiment, 4th Infantry Brigade, 2nd Infantry Division stationed at Ft. Lewis, WA. Capt. Nguyen attended West Point Military Academy in New York from 2000-2004, where he graduated with a Bachelor of Science degree in Interdisciplinary Studies.

2. Capt. Nguyen was deployed to Iraq in support of Operation Enduring Freedom from

April 9th, 2007 through June 7th, 2008. While deployed to Muqdadiyah, Iraq, he was the battalion Civil Affairs Officer. Part of Capt. Nguyen duties included making monthly payments of large sums of United States currency to Iraqi nationals, including the Sons of Iraq. The sons of Iraq are a Sunni-based group that was under contract to provide security services throughout Iraq. Capt. Nguyen paid the Sons of Iraq in excess of $300,000 in U.S. currency per month for security services.

3. The funds used by Capt. Nguyen to pay Iraqis were in the form of United States currency that was derived from Commander's Emergency Response Program (CERP) funds. CERP funds are the property of the United States and are managed by the Department of Defense (DOD). CERP funds are designed to enable local commanders in Iraq and Afghanistan to respond to urgent humanitarian relief and reconstruction requirements within their areas of responsibility by carrying out programs that will immediately assist the indigenous population.

4. United States currency used for payments to Iraqi nationals was kept in a battalion safe until distribution by Capt. Nguyen. Capt. Nguyen was the only person within his battalion who had the combination to the safe. At any given time, Capt. Nguyen had in excess of $300,000 in U.S. currency in his safe. All the U.S. currency in Capt. Nguyen's safe consisted of brand new, uncirculated $100 bills that were banded together in bill straps.

5. During the period from April, 2007, through February 24, 2009, in Iraq and in the District of Oregon, Capt. Nguyen stole and converted to his own use in excess of $690,000 in CERP currency. Capt. Nguyen transported the stolen CERP currency into the District of Oregon by mailing the stolen CERP currency to his Oregon residence prior to his return from Iraq.

6. Shortly after his return from Iraq, Capt. Nguyen opened new bank accounts at Bank of America, Washington Mutual Bank, America's Credit Union and Heritage Bank and proceeded to deposit the stolen CERP currency into those accounts in Oregon and elsewhere. Between June 9, 2008 and September 26, 2008, Capt. Nguyen made numerous currency deposits on consecutive and/or same days which individually were for less than $10,000.01, but which totaled over $10,000. The deposits typically consisted of $100 bills.

7. Capt. Nguyen deposited a total of $387,550.00 in stolen CERP currency from his cash hoard into the four accounts exclusively controlled by Michael Nguyen during the time period described in paragraph 6.

8. After depositing the currency in the accounts, Capt. Nguyen purchased a 2008 BMW M3 and a 2009 Hummer H3T. In addition, Capt. Nguyen purchased various items of personal property, including computers, electronics, and furniture.

## COUNT 1
**Theft of Government Property**
**18 U.S.C. § 641**

9. Paragraphs 1-8 of this Indictment are hereby re-alleged and are incorporated as though set forth in full herein.

10. Beginning on or about June 9, 2008 and continuing through on or about February 24, 2009, in the District of Oregon, the Defendant, **MICHAEL DUNG NGUYEN**, did wilfully and knowingly receive, conceal and retain stolen property of the United States in an amount exceeding $1000, that is United States Currency, with the intent to convert said property to his own use, knowing that said property had been stolen from the CERP currency fund, all in

PAGE 3 - INDICTMENT

violation of 18 U.S.C. § 641.

## COUNT 2
### Structuring Financial Transactions
### 31 U.S.C.§ 5324(a)(3)

11. Paragraphs 1-8 of this Indictment are hereby re-alleged and are incorporated as though set forth in full herein.

12. Beginning on or about June 9, 2008, and continuing through on or about September 26, 2008, within the District of Oregon and elsewhere, the defendant, **MICHAEL DUNG NGUYEN**, while violating 18 U.S.C. § 641 or as part of a pattern of illegal activity involving more than $100,000 in a 12 month period, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, caused and attempted to cause Bank of America and Washington Mutual Bank, domestic financial institutions, to fail to file a report required under Title 31, United States Code, Section 5313(a), in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 31, Code of Federal Regulations, Sections 103.22 and 103.27-28.

## COUNTS 3 & 4
### Money Laundering
### 18 U.S.C. § 1957

13. Paragraphs 1-8 of this Indictment are hereby re-alleged and are incorporated as though set forth in full herein.

14. On or about the dates set forth below for each count, in the District of Oregon, the Defendant, **MICHAEL DUNG NGUYEN**, did knowingly engage and attempt to engage in the monetary transactions listed below for each count by through or to the financial institution listed below for each count, affecting interstate or foreign commerce, in criminally derived property of

PAGE 4 - INDICTMENT

a value greater than $10,000, that is the exchange of funds for the purpose of purchasing the motor vehicles listed below for each count, such funds having been derived from a specified unlawful activity, that is Receipt and Concealment of Stolen Government Property.

| COUNT | DATE | MONETARY TRANSACTION | PURPOSE |
|---|---|---|---|
| 3 | 6/27/08 | Purchase of a $70,263.00 Bank of America Cashiers Check | Purchase of 2008 BMW M3 |
| 4 | 10/30/08 | Purchase of a $43,538.00 Bank of America Cashiers Check | Purchase of 2009 Hummer H3T |

### FORFEITURE ALLEGATION
### 31 U.S.C. § 5317(c)(1) and 18 U.S.C. §§ 981(a)(1)(C) and 982

15.    Upon conviction of the forgoing offenses and as provided by 31 U.S.C. § 5317(c)(1), 18 U.S.C. §§ 981(a)(1)(C) and 982, **MICHAEL DUNG NGUYEN**, shall forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable thereto involved in the offenses.

DATED this 3 day of March 2009.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:
KARIN J. IMMERGUT, OSB # 96314
United States Attorney

SCOTT ERIK ASPHAUG, OSB # 83367
Assistant United States Attorney

PAGE 5 - INDICTMENT